# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

**GARY D. HOWARD**                                   **CIVIL ACTION NO. 17-1128-P**

**VERSUS**                                                **CHIEF JUDGE HICKS**

**WARDEN KEITH DEVILLE**                  **MAGISTRATE JUDGE HORNSBY**

### MEMORANDUM ORDER

Before the court is a petition for writ of <u>habeas</u> <u>corpus</u> filed on behalf of petitioner Gary D. Howard ("Petitioner"), pursuant to 28 U.S.C. §2254.  This petition was received and filed in this court on September 7, 2017.  Petitioner is incarcerated at the Winn Correctional Center in Winnfield, Louisiana.  He challenges his state court conviction and sentence.  He names Warden Keith Deville as respondent.

Petitioner was convicted of one count of possession of marijuana with intent to distribute in the Louisiana First Judicial District Court, Parish of Caddo.  Subsequently, he was adjudicated a second felony offender and sentenced to 18 years imprisonment at hard labor.

In support of this petition, Petitioner alleges (1) the evidence was insufficient to support his conviction, and (2) the prosecutor shifted the burden of proof.

Petitioner fails to demonstrate that he has exhausted state court remedies with respect to the claims presented herein.  In order to satisfy the exhaustion requirement, the claims must be presented to the state's highest court, even when review by that court is

discretionary.  Magouirk v.  Phillips, 144 F.3d 348 (5th Cir.  1998) citing Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir.  1985); O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1732-33 (1999).   In Louisiana, the highest court is the Supreme Court of Louisiana.  Petitioner fails to demonstrate that he properly presented the claims that he presents herein  in the state courts.  Therefore, Petitioner should be required to submit documentary proof that he has exhausted state court remedies on the claims presented herein.

It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies.  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).  This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations.  Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); Shute v. Texas, 117 F.3d 233 (5th Cir.1997). Additionally, under 28 U.S.C. §2254(b)(1)(A)[1] the district court is precluded from granting habeas relief on an unexhausted claim.

Furthermore, Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of habeas corpus by

---

1§2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted unless** it appears that--
(A) **the applicant has exhausted the remedies available in the courts of the State;**

persons in custody pursuant to the judgment of a state court.  This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).  From the information provided in the petition, it is unclear if Petitioner timely filed his petition within one year of his conviction and sentence becoming final.

Accordingly,

**IT IS ORDERED** that Petitioner submit within thirty (30) days after service of this order, a copy of the legal memorandum he filed at each level of the state courts and the response he received from each state court in order to demonstrate that he has properly presented the issues he raises herein at each level of the state courts.

**IT IS FURTHER ORDERED** that Petitioner submit to the Clerk of Court within (30) days after service of this order, a response hereto setting forth allegations which demonstrate that his petition is timely under the provisions of 28 U.S.C. §2244(d)(1).  This response shall set forth the date on which each application for direct review and each motion and each application for post-conviction relief was filed at each level of the state courts and the dates on which each level of the state courts responded to his application(s).

**Failure to comply with this order or failure to keep the court apprised of an address change will result in dismissal of this petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.3W of the Uniform Local Rules for the District Courts of Louisiana.**

**THUS DONE AND SIGNED** in Chambers at Shreveport, Louisiana, this 29th day

of November 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge