## PETITION FOR WRIT OF HABEAS CORPUS
### UNDER 28 U.S.C. SECTION 2254

Prisoner's Name:                                     Gary D. Howard

Prison Number:                                       #372087

Place of Confinement                                 Winn Correctional Center
                                                     Winnfield, LA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

---

**GARY D. HOWARD #372087**   **CIVIL ACTION NO. 5:17-CV-1128 SEC P**
  **PETITIONER,**

**VERSUS**        **JUDGE HICKS**

**WARDEN KEITH DEVILLE, WINN**  **MAGISTRATE JUDGE HORNSBY**
  **CORRECTIONAL CENTER**
  **RESPONDENT.**

---

## MEMORANDUM RESPONSE
## TO NEW PETITION

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

---

**GARY D. HOWARD #372087**          **CIVIL ACTION NO. 5:17-CV-1128 SEC P**
    **PETITIONER,**

**VERSUS**                                    **JUDGE HICKS**

**WARDEN KEITH DEVILLE, WINN**        **MAGISTRATE JUDGE HORNSBY**
    **CORRECTIONAL CENTER**
    **RESPONDENT.**

---

**TABLE OF CONTENTS**

PAGE

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii
Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1


**Claim Analysis**

Claim 1:  Ineffective Assistance of Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

    Subclaim A: Failure to Object to Prejudicial Testimony . . . . . . . . . . . . . . . . . . .   6
    Exhaustion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6
    Merits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

    Subclaim B:  Failure to Interview and Subpoena . . . . . . . . . . . . . . . . . . . . . . . .   14
    Exhaustion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15
    Merits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

    Subcclaim C:  Failure to Properly Investigate Validity of Arrest Warrant . . . . .   16
    Exhaustion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16
    Merits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

Claim 2:  Production of Perjury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18
Exhaustion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19
Merits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   23

Certificate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   23

i

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

GARY D. HOWARD #372087            CIVIL ACTION NO. 5:17-CV-1128 SEC P
    PETITIONER,

VERSUS                            JUDGE HICKS

WARDEN KEITH DEVILLE, WINN        MAGISTRATE JUDGE HORNSBY
    CORRECTIONAL CENTER
    RESPONDENT.

---

## INDEX OF AUTHORITIES

Case                                                                      Page

*Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993)                      13

*Canales v. Stephens*, 765 F.3d 551, 573 (5th Cir. 2014)                     20

*Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)                       15

*Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997), *cert. denied*, 525 U.S. 969,
    119 S.Ct. 418, 142 L.Ed.2d 339 (1998)                                   13

*Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)  9, 18

*Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2000)                       15

*Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)  18, 19, 22

*Gregory v. Thaler*, 601 F.3d 347, 352 (5thCir. 2010), *cert. denied*, 562 U.S. 911,
    131 S.Ct. 265, 178 L.Ed.2d 175 (2010)                                   15

*Harrington v. Richter*, 562 U.S. 86, 105, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011)  10

*Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013), *cert. denied*, 571 U.S. 958,
    134 S.Ct. 431, 187 L.Ed.2d 290 (2013)                                    7

*Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)  14, 18

*Knowles v. Mirzayance,* 556 U.S. 111, 123, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009)     10

*Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)*, denial of habeas corpus affirmed*, 84 Fed.Appx. 456 (5th Cir. 2004)     7

*Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959)     1, 18, 19, 22

*Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002), *cert. denied by Neal v. Epps*, 537 U.S. 1104, 123 S.Ct. 963, 154 L.Ed.2d 772 (2003)     22

*Neville v. Dretke*, 423 F.3d 474 (5th Cir. 2005)     6

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)     7

*Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011), *cert. denied*, 565 U.S. 1162, 132 S.Ct. 1100, 181 L.Ed.2d 987 (2012)     9

*Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997), *cert. denied*, 522 U.S. 1120, 118 S.Ct. 1061, 140 L.Ed.2d 122 (1998)     9

*Richards v. Quarterman*, 566 F.3d 553, 561 (5th Cir. 2009)     9

*Roe v. Flores-Ortego*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)     14

*Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007)     18

*Shed v. Thompson*, 2007 WL 2711022, *5 (W.D. La. 2007)     18

*State v. Cummings*, 46, 038 (La. App. 2 Cir. 1/26/11), 57 So.3d 499, *writ denied*, 2011-034 (La. 6/17/11), 63 So.3d 1037     12

*State v. Howard*, 49,965 (La. App. 2 Cir. 6/24/15), 169 So.3d 777     4, 17

*State v. Howard* ("*Howard II*"), 2015-1404 (La. 5/3/17), 226 So.3d 419     4, 17

*State v. Joshua*, 50,566 (La. App. 2 Cir. 8/10/16), 201 So.3d 284     5

*State v. Montana*, 421 So.2d 895 (La. 1982)     11

*State v. Wheeler*, 416 So.2d 78 (La. 1982)     11

*State v. White*, 450 So.2d 648 (La. 1984)     11

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)     passim

*United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242
(1974)                                                                           17

*Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)                      7

*Williams v. Stephens*, 761 F.3d 561, 566-67 (5th Cir. 2014), *cert. denied*, 575 U.S.
952, 135 S.Ct. 1735, 191 L.Ed.2d 706 (2015)                                      9


Statute
28 U.S.C. §2244(d)(1)(A)                                                          6
28 U.S.C. §2254(b)(1)(A)                                                          6
28 U.S.C. §2254(d)                                                         18, 19, 22
28 U.S.C. §2254(d)(1)                                                          8, 16
28 U.S.C. §2254(d)(2)                                                             8
Fourth Amendment of the United States Constitution                           17, 18
Sixth Amendment of the United States Constitution                            6, 7, 9
Fourteenth Amendment of the United States Constitution                           18
La. C. Cr. P. art. 926                                                            4
La. C. Cr. P. art. 926(3)                                                         5
La. C. Cr. P. art. 930.2                                                     5, 6, 19
La. C. Cr. P. art. 930.4                                                          5
La. C. E. art. 704                                                               12
La. R.S. 14:95(E)                                                                 2
La. R.S. 15:574.8(B)                                                             16
La. R.S. 40:966(A)(1)                                                             2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **GARY D. HOWARD #372087** **PETITIONER,** | **CIVIL ACTION NO. 5:17-CV-1128 SEC P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN KEITH DEVILLE, WINN** **CORRECTIONAL CENTER** **RESPONDENT.** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RESPONSE

By order rendered on April 17, 2020, the federal court consolidated this second petition for writ of habeas corpus (Docket Number 5:19-CV-1672) with the initial petition filed by Gary Howard ("Howard") under Docket Number 5:17-CV-1128.  By order rendered July 17, 2020, the federal court directed the State of Louisiana ("the State") to file a memorandum response to Howard's new petition by which he asserts claims based on *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).  The State now files the instant response opposing Howard's latest claims for federal habeas relief from his state court conviction for possession of marijuana with intent to distribute.  Howard's claims are meritless and should be denied.

### Statement of the Case

On September 28, 2013, officers with the Shreveport Police Department went to 5281 Fairfax to arrest Howard for a parole violation (Vol. I, p. 53; Vol. II, p. 224).  Melissa Stewart ("Stewart") answered the door, confirmed Howard was inside, and allowed the officers to enter the home (Vol. II, pp. 135, 201, 225).  Corporal Susan Anderson ("Cpl. Anderson") found

Howard in bed and unclothed (Vol. II, p. 201). When Cpl.Anderson retrieved some clothing from the floor for Howard, she observed a clear plastic bag containing a green, leafy substance tied to his boxer shorts (Vol. II, pp. 202, 226). The plastic bag contained four individually packaged baggies of marijuana weighing about 11 grams in total (Vol. II, pp. 130, 149, 201-03, 210, 226). A box of baggies like those in which the marijuana was packaged was on the TV stand in the bedroom (Vol. II, pp. 204, 227, 242).

After getting Stewart's consent to search the bedroom, Officer Rodney Medlin ("Officer Medlin") found in the closet a shoebox containing seven grams of marijuana, a pill bottle with a baggie inside that smelled of marijuana, and several small baggies commonly used to package marijuana (Vol. II, pp. 204, 227-229). Officer Medlin also found an unzipped purse with a loaded revolver inside and a box of ammunition (Vol. II, pp. 205, 230-32). All the items were within of couple of steps of the bed where Howard was found (Vol. II, pp. 231-32). After being arrested and *Mirandized*, Howard admitted that all the marijuana was his, but he claimed it was for his personal use (Vol. II, pp. 206, 215, 232).

The State charged Howard by bill of information with one count of possession with intent to distribute a Schedule I controlled dangerous substance (marijuana), a violation of La. R.S. 40:966(A)(1), and with one count of illegal carrying of a weapon while in possession of a controlled dangerous substance, a violation of La. R.S. 14:95(E). Defense counsel filed motions to suppress statements made by Howard and all items seized during the search of the bedroom (Vol. I, pp. 32, 45). The Honorable Craig Marcotte ("Judge Marcotte") of the First Judicial District Court found probable cause for both charges and denied the motions to suppress (Vol. I, pp. 163-64). Judge Marcotte later ruled that statements by Howard at the time of his arrest were made freely and voluntarily and would be admissible at trial (Vol. I, p. 187).

Both Corporal Anderson and Officer Medlin testified at Howard's jury trial on June 11, 2014 (Vol. II, pp. 199-253).  Testifying as an expert in narcotics investigations and related matters, Lieutenant Carl Townley ("Townley") of the Caddo Parish Sheriff's Office opined that the packaging of the marijuana in four individual baggies, along with the presence in the bedroom of over 252 other baggies, plus numerous smaller jewelry bags was consistent with distribution (Vol. II, pp. 256-58, 269).  Townley opined that the large number of different bags found in the bedroom with Howard, the absence of any smoking paraphernalia, and the presence of the weapon indicated possession of the marijuana for distribution (Vol. II, pp. 257, 260, 270).  Even though no cash was found, Townley noted that dealers often keep their cash in a separate place from their drugs to avoid seizure (Vol. II, p. 259).

Testifying for Howard, Stewart said the gun was hers (Vol. II, p. 273-74).  Her testimony established that she was in a long-term relationship with Howard.  Though she claimed he had not been at her house for two months before his arrest, she admitted that he had a key, was allowed there without her presence, would spend nights there, and would wash clothes there (Vol. II, p. 272, 283-85).  Howard did not testify.

A unanimous jury found Howard guilty as charged of possession of marijuana with intent to distribute, and a not guilty verdict was rendered on the weapons charge (Vol. I, pp. 77-80; Vol. II, pp. 299-303).  Motions for post-verdict judgment of acquittal and for a new trial were denied (Vol. I, pp. 98, 116-117; Vol. II, p. 309).  Though the State filed a fourth-felony offender bill, a plea agreement resulted in Howard's adjudication as a second felony offender and a sentence of 18 years at hard labor without benefit of probation or suspension of sentence (Vol. I, pp. 113-114; Vol. II, pp. 311-320).

Howard's appeal challenged the sufficiency of the evidence and the denial of the motion to suppress (Vol. II, pp. 329-344). The Louisiana Second Circuit Court of Appeal ("2nd Circuit") found no merit to the assignments of error and affirmed Howard's conviction and sentence (Vol. II, pp. 379-399). *State v. Howard*, 49,965 (La. App. 2 Cir. 6/24/15), 169 So.3d 777. The Louisiana Supreme Court granted Howard's writ application, but ultimately affirmed (Vol. III, pp. 448-466, 513-525). *State v. Howard* ("*Howard II*"), 2015-1404 (La. 5/3/17), 226 So.3d 419. A timely application for rehearing was denied on June 29, 2017 (Vol. III, pp. 526-530, 583-84).

On September 7, 2017, counsel for Howard filed a timely petition for writ of habeas corpus asserting claims based on the sufficiency of the evidence and improper shifting of the burden of proof. In the meantime, Howard filed a *pro se* application for post-conviction relief in the state district court; Howard's signature on the application was dated December 27, 2017, (Vol. III, pp. 585, 590). The application included a memorandum in support of his claims alleging ineffective assistance of counsel and production of perjury by the prosecution (Vol. III, pp. 592-604). On February 23, 2018, the State filed a procedural objection asserting failure to comply with La. C. Cr. P. art. 926 due to the lack of a notarized affidavit accompanying the application (Vol. III, pp. 613- 616).

On July 24, 2018, Howard filed a second application for post-conviction relief asserting the same claims alleging ineffective assistance of counsel and production of perjury, but without any memorandum in support of his bare claims (Supplemental Vol. I, pp. 1, 18-23). This second application included the required notarized affidavit, which was dated July 20, 2018 (Supp. Vol. I, p. 7). Howard's application also included a handwritten note asking that the filing be considered an amendment of his post-conviction relief application because the first application had the signature of inmate counsel rather than a notary on the affidavit (Supp. Vol. I, p. 13).

4

The State responded with the procedural objections based on Howard's failure to comply with La. C. Cr. P. art. 926(3) by stating the grounds upon which relief is sought and specifying with reasonable particularity the factual basis of his claims and on the filing of a repetitive application as provided by La. C. Cr. P. art. 930.4. Alternatively, the State asserted that Howard was unable to satisfy his post-conviction burden of proof as required by La. C. Cr. P. art. 930.2 (Supp. Vol. I, pp. 14-23).

By order filed October 12, 2019, the Honorable Erin Leigh Waddell Garrett ("Judge Garrett") denied Howard's application on the merits (Supp. Vol. I, pp. 31-34). On October 31, 2018, Howard filed a notice of intent to seek writs and was granted until December 7, 2018, to do so (Supp.Vol. I, pp. 35-36). As this court has been informed, the State has been unable to obtain the records of Howard's filings from either the 2nd Circuit or the Louisiana Supreme Court and cannot verify what exactly Howard filed in seeking supervisory review following the trial court's denial of post conviction relief.[1]   However, the State's supplemental filings include the 2nd Circuit's writ denial on February 7, 2019. The writ denial notes that Howard sought review from the denial of his application for post-conviction relief, which raised ineffective assistance of counsel and production of perjury claims. The 2nd Circuit denied the writ "on the showing made" and citing *Strickland*, *supra*, and *State v. Joshua*, 50,566 (La. App. 2 Cir. 8/10/16), 201 So.3d 284 (Supp. Vol. I, p. 40). Also included is a writ denial by the Louisiana Supreme Court dated November 5, 2019. The accompanying per curiam states that Howard failed to show that

---

[1] By order rendered July 17, 2020, the federal court ordered Howard to file into the habeas record a complete copy of the writ applications filed by him in the state courts. On July 27, 2020, Howard filed unstamped briefs purportedly filed by him before the 2nd Circuit and the Louisiana Supreme Court. While the State cannot now verify that these filings are the exact copies of the writ applications filed by Howard, the State will proceed on the assumption that they are what Howard filed in presenting his claims before the state courts.

5

he received ineffective assistance of counsel under *Strickland* and that he failed to satisfy his burden of proof under La. C. Cr. P. art. 930.2 as to his remaining claims (Supp. Vol. I, pp. 44-45).

On December 23, 2019, Howard filed a second petition for writ of *habeas corpus* (Docket Number 5:19-CV-01672), which has been consolidated with the pending original petition (Docket Number 5:17-CV-1128). The State does not dispute the timeliness of the petition, as it appears to have been filed within one year of the finality of Howard's state conviction and sentence as required by 28 U.S.C. §2244(d)(1)(A). Howard's newly asserted claims are addressed below.

<u>**CLAIM 1: INEFFECTIVE ASSISTANCE OF COUNSEL**</u>

Howard presents three subclaims by which he alleges he received ineffective assistance of counsel. He alleges trial counsel rendered ineffective assistance by failing to object to prejudicial testimony, failing to interview or present a witness, and failing to properly investigate the validity of the arrest warrant.

<u>**Subclaim A: Failure to Object to Prejudicial Testimony**</u>

Alleging a violation of the Sixth Amendment of the United States Constitution, Howard asserts that trial counsel failed to object when Lt. Townley opined that Howard possessed the marijuana with intent to distribute rather than for personal use and that this was tantamount to expression of opinion on Defendant's guilt. He also asserts that the denial of this claim by the State courts is in conflict with rulings of the Louisiana Supreme Court in "similar legal issues."

***Exhaustion:***

A prerequisite to obtaining habeas relief is the exhaustion of available state court remedies. 28 U.S.C. §2254(b)(1)(A); *Neville v. Dretke*, 423 F.3d 474 (5th Cir. 2005). A state

prisoner must fairly present the substance of his federal claims in each appropriate state court and must do so "in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999), *denial of habeas corpus affirmed*, 84 Fed.Appx. 456 (5th Cir. 2004).  This means that the state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review that is part of the ordinary appellate review procedure.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  Moreover, the federal habeas claim must be the "substantial equivalent" of the claim that was presented to the state courts.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  The petitioner does not satisfy this requirement if he presents new legal theories or factual claims in his federal application.  *Id*.

In his post-conviction relief application, Howard failed to cite either the Sixth Amendment or *Strickland* as the basis for this ineffective assistance of counsel claim (Vol. III, pp. 596-97; Supp. Vol. II, pp. 12-13).  It does not appear that he presented a federal constitutional claim before the state trial court.  However, the United States Fifth Circuit Court of Appeal ("Fifth Circuit") has recognized that a claim is fairly presented when it is asserted in terms so particular as to call to mind a specific right protected by the Constitution or when there is alleged a pattern of facts that is well within the mainstream of constitutional litigation.  *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (internal quotation marks and citations omitted), *cert. denied*, 571 U.S. 958, 134 S.Ct. 431, 187 L.Ed.2d 290 (2013).  Moreover, exhaustion is satisfied even where a federal claim has not been fairly presented but the state court addresses such a claim *sua sponte*.  *Id*.  Thus, even if Howard failed to present this claim as a federal claim in his post-conviction relief application, the trial court addressed a federal claim

7

*sua sponte* under the rubric of *Strickland* and found it to be without merit (Supp. Vol. I, pp. 31-32).

Based on Howard's response to the order to file into the record a complete copy of the writ applications he filed before the 2nd Circuit and the Louisiana Supreme Court, it appears that he has exhausted this claim before those courts in seeking supervisory review.  Though Howard does not appear to have cited a federal basis for this claim before the 2nd Circuit, the court cited *Strickland* in denying the writ on the showing made (Record Doc. 21, pp. 11-14; Supp. Vol. I, p. 40).  It also seems that he did not cite *Strickland* as a basis for this claim in his writ application before the Louisiana Supreme Court (Record Doc. 21, pp. 36).  Nevertheless, the court specifically found that he failed to show he received ineffective assistance of counsel under *Strickland* (Supp. Vol. I, p. 45).  Even if Howard did not raise a federal constitutional claim based on *Strickland*, both the 2nd Circuit and the Louisiana Supreme Court addressed a *Strickland*-based federal claim *sua sponte*.  The State submits that Subclaim A is exhausted.

### *Merits:*

As indicated above, this subclaim was adjudicated on the merits in state court.  The Louisiana Supreme Court found that Howard failed to show he received ineffective assistance of counsel under *Strickland* (Supp. Vol. I, p. 45).  Because all of Howard's ineffective assistance of counsel claims were adjudicated on the merits in state court and because an ineffective assistance of counsel claim presents a mixed question of law and fact, Howard cannot obtain habeas relief unless he shows that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States[.]"  28 U.S.C. §2254(d)(1) and (2).  Howard does not refer to any clearly established federal law as determined by the United States Supreme Court as the basis for this

8

claim.  That failing, alone, should bar any relief.  As discussed below, his claim is based on state law, which does not provide a basis for federal habeas relief.  See *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (explaining that federal habeas relief does not lie for errors of state law).

Assuming that Howard properly states a federal ineffective assistance of counsel claim, *Strickland* is the "clearly established Federal law" applicable to such claims.  *Richards v. Quarterman*, 566 F.3d 553, 561 (5th Cir. 2009).  To prevail on a *Strickland* claim, a petitioner must demonstrate that: (1) counsel's performance was deficient, meaning that counsel's errors were so serious that he failed to function as "counsel" guaranteed by the Sixth Amendment, and (2) that the deficiency prejudiced the defense in that the errors were so serious as to deprive defendant of a fair trial, meaning one whose result is reliable.  *Id*., at 687, 104 S.Ct. 2052.  The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness.  *Id*., at 688.  The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997), *cert. denied*, 522 U.S. 1120, 118 S.Ct. 1061, 140 L.Ed.2d 122 (1998).  The second prong requires a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, at 694, 104 S.Ct. 2052.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.  The petitioner must show prejudice great enough to create a substantial, not merely conceivable, likelihood of a different result.  *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011), *cert. denied*, 565 U.S. 1162, 132 S.Ct. 1100, 181 L.Ed.2d 987 (2012).  The petitioner must satisfy both prongs.  *Williams v. Stephens*, 761

9

F.3d 561, 566-67 (5th Cir. 2014), *cert. denied*, 575 U.S. 952, 135 S.Ct. 1735, 191 L.Ed.2d 706 (2015).

*Strickland* is a general standard, which means that the state courts have even more latitude to reasonably determine that a petitioner did not satisfy it.  Thus, the federal court's review must be "doubly deferential."  *Knowles v. Mirzayance,* 556 U.S. 111, 123, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009).  "[T]he question is not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."  *Harrington v. Richter*, 562 U.S. 86, 105, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).  As discussed below, Howard fails to show the state courts unreasonably applied *Strickland* in denying this claim.

Without objection by the defense, Lt. Townley testified as an expert in the investigation, packaging, use and sales of narcotics, as well as possession with intent versus simple possession of narcotics (Vol. II, p. 256).[2]  He testified that packaging material is one of the key elements he looks for in determining whether a narcotic substance is intended for personal use or distribution, and that a simple user would not have paraphernalia, such as "a bunch of different baggies" (Vol. II, p. 257).  Lt. Townley was familiar with the evidence recovered in the case, including the four individually packaged baggies, the additional marijuana found in the bedroom closet, and the numerous assortment of sandwich bags and smaller "one-by-one jeweler's bags that are typically used to package drugs for sale (Vol. II, p. 258).  It was his opinion that the marijuana was packaged for sale (Vol. II, p. 258).  The prosecution questioned Lt. Townley about the gun found in the bedroom closet next to the marijuana.  Lt. Townley testified that they "quite often" find weapons in drug cases and explained that dealers carry them for protection, particularly against

---

[2] The prosecution's voir dire demonstrated Lt. Townley's extensive experience, education, and training that qualified him to testify as an expert at trial (Vol. II, pp. 254-56).

other dealers or would-be robbers.  Because the gun was seized from the closet where marijuana was also located, Lt. Townley opined that the marijuana was possessed with intent to distribute, rather than for personal use (Vol. II, pp. 259-60).  He also noted the absence of any smoking devices as another factor that indicated the marijuana was possessed "with intent instead of simple possession" (Vol. II, pp. 260-61).

On cross-examination, defense counsel focused on the relatively low value of the four individual baggies of marijuana, the fact that only 18 grams total was found, and the absence of other paraphernalia of distribution, such as scales and money (Vol. II, pp. 261-63).  The defense got Lt. Townley to admit the possibility that Howard purchased the drugs as packaged for his personal use (Vol. II, pp. 264-65).  He testified that 18 to 36 joints could be made from the amount of marijuana found and that an average user on the high end would typically smoke about three grams a day, or perhaps six grams on the higher end (Vol. II, pp. 267-69).  However, Lt. Townley maintained his opinion, based on the totality of the evidence he examined, that the marijuana was possessed with intent to distribute (Vol. II, p. 265).  Near the end of cross-examination, defense counsel asked, "The 18 grams that was found packaged that way could only be used for distribution, not for personal use? That's your testimony?"  Lt. Townley answered:

> "No sir.  I'm saying that after looking at the totality of the evidence I was presented, that Mr. Howard, what he was arrested for, is possession with intent. And my personal opinion as an expert witness, he was possession [*sic*] with intent to sell as a drug dealer.  He was not possessing for personal use.  That's what I'm saying" (Vol. II, p. 269).

Howard does not cite any clearly established federal law as determined by the Supreme Court holding that the failure to object to such expert testimony constitutes ineffective assistance of counsel.  Instead, he cites only Louisiana case law.  *State v.  Wheeler*, 416 So.2d 78 (La. 1982), *State v. Montana*, 421 So.2d 895 (La. 1982), and *State v. White*, 450 So.2d 648 (La.

11

1984), are all drug cases where the court found reversible error based on expert witness testimony as to the ultimate issue of the defendant's guilt in response to the prosecution posing a hypothetical factual situation that was identical to the actual evidence at trial. Unlike in the cases cited by Howard, Lt. Townley's expert opinion testimony was based on the evidence he reviewed and what that evidence indicated to him as an expert in the investigation, packaging, use and sales of narcotics, as well as possession with intent versus simple possession of narcotics. He did not respond to a hypothetical scenario that mirrored the facts of the case.

Enacted in 1988, after the cases upon which Howard relies, La. C. E. art. 704 provides:

"Testimony in the form of an opinion or inference otherwise admissible is not to be excluded solely because it embraces an ultimate issue to be decided by the trier of fact. However, in a criminal case, an expert witness shall not express an opinion as to the guilt or innocence of the accused."

In *State v. Cummings*, 46, 038 (La. App. 2 Cir. 1/26/11), 57 So.3d 499, *writ denied*, 2011-034 (La. 6/17/11), 63 So.3d 1037, Lt. Townley testified as an expert witness and was asked whether, after reviewing all the evidence, he concluded the case was one of simple possession or possession with intent to distribute. His expert opinion was that it was definitely a case of possession with intent to distribute. *Id.*, at p.12, 57 So.3d at 505. In arguing the insufficiency of the evidence, the defendant asserted that this testimony constituted improper opinion on guilt or innocence. Though there had been no objection to the testimony to preserve the alleged error, the court observed that no error had occurred. Citing La. C. E. art. 704, the 2nd Circuit explained,

"The State may ask the expert witness whether it is his or her opinion, from the evidence, that the person in possession of the drugs had the intent to distribute. Where the witness never explicitly says that the defendant is guilty of possession with intent to distribute, the testimony does not violate La. C. E. art. 704." *Id.*, at p. 17, 57 So.3d at 507.

State law does not provide a clear basis for finding ineffective assistance of counsel in failing to object to Lt. Townley's allegedly prejudicial testimony. Here, Lt. Townley did not

12

testify that Howard was either guilty or innocent of the charged offense.  Rather, his testimony was based on the conclusions he drew from the evidence he reviewed, and his testimony related to the ultimate issue of whether the evidence showed possession or possession with intent to distribute.  Thus, it was reasonable for the state courts to find no merit to the claim that counsel rendered ineffective assistance in failing to object, as such objection would have likely been futile.  Moreover, defense counsel could not have objected to testimony elicited by his own cross-examination of Lt. Townley, which brought out the same testimony about which Howard complains.

The failure to object does not constitute deficient performance unless there is a sound basis for the objection.  See *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997), *cert. denied*, 525 U.S. 969, 119 S.Ct. 418, 142 L.Ed.2d 339 (1998) (failure to make a futile or meritless objection is not deficient performance).  Even if there was grounds for an objection, counsel may still render effective assistance if the failure to object was a matter of trial strategy.  *Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993).  Review of defense counsel's cross-examination of Lt. Townley shows that its strategy was to get him to admit the possibility that the relatively small amount of marijuana could have been possessed by Howard for his personal use and that the other evidence, such as the gun, did not necessarily indicate that Howard was a drug dealer.  The defense also presented testimony from Stewart, who testified that the gun found was hers and that Howard used marijuana every other day (Vol. II, pp. 272-73, 275).  Stewart's testimony, along with defense counsel's cross-examination of Lt. Townley, allowed for the reasonable argument that this was a case of simple possession.  Howard's argument does not overcome the strong presumption that trial counsel's conduct falls within the wide range of reasonable

13

professional assistance and might be considered sound trial strategy under the circumstances of this case.  See *Strickland*, *supra,* at 689, 104 S.Ct. 2052.

Howard also fails to show prejudice.   He does not show that the result of the trial would have been different if the counsel had objected.  Howard admitted the 18 grams of marijuana was his.  Part of the marijuana was packaged in small baggies like those found in the bedroom along with numerous other sandwich-type bags.  This alone was highly suggestive that the marijuana was possessed for distribution.  There was no evidence that Howard had been smoking the marijuana.  Even without considering the allegedly prejudicial testimony about which Howard complains, the evidence would have been sufficient to convict, and the result of the trial would not have been different.

Under doubly deferential review of the state court adjudication of this claim, habeas relief should be denied.  There is a reasonable argument for finding that counsel satisfied *Strickland's* deferential standard.  Howard does not show that the state court adjudication was contrary to or involved any objectionably unreasonable application of *Strickland*, *supra*.  Subclaim A is meritless, and habeas relief should be denied.

### Subclaim B:  Failure to Interview and Subpoena

Citing *Strickland*, *supra*, *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986), and *Roe v. Flores-Ortego*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000),  Howard alleges that trial counsel rendered ineffective assistance by failing to investigate and call a witness, Ms. Moody, to testify at trial.  He claims she would have testified that he purchased the marijuana as packaged for his personal use.

*Exhaustion:*

Howard appears to have presented this same claim before each appropriate state court in his post-conviction relief filings.  He presented this claim in his application before the trial court (Vol. III, p. 598; Supp. Vol. II, p. 14).  Howard's response to the court's order to produce what he filed before the 2nd Circuit and Louisiana Supreme Court also appear to show that he filed the same claim in his writ applications (Record Doc. pp. 14-15, 36-37).  Moreover, each of the state courts applied *Strickland* in denying this claim (Supp. Vol. I, pp. 31-33, 40, 45).  Subclaim B appears exhausted.

*Merits:*

Subclaim B was also adjudicated by the state courts and found to be meritless (Supp. Vol. I, pp. 32-33, 40, 45).  Review is governed by the same standards set forth under Subclaim A. This claim is wholly meritless.  Though Howard faults trial counsel for failing to investigate or call a witness, identified by Howard as Ms. Moody, his assertions about what Ms. Moody would have testified and why counsel did not call her to the stand are unsupported and self-serving.

Complaints that trial counsel failed to call a witness are not favored on habeas review. The presentation of witness testimony is essentially a matter of trial strategy and falls within trial counsel's domain.  *Gregory v. Thaler*, 601 F.3d 347, 352 (5thCir. 2010), *cert. denied*, 562 U.S. 911, 131 S.Ct. 265, 178 L.Ed.2d 175 (2010).  Allegations about what a witness would have testified if called are largely speculative.  *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2000). To prevail on an uncalled witness claim, a petitioner "must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."  *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).  Howard's unsupported

15

allegations satisfy none of these requirements.  Subclaim B is meritless, and habeas relief should be denied.

### Subcclaim C:  Failure to Properly Investigate Validity of Arrest Warrant

Howard alleges that trial counsel rendered ineffective assistance by failing to investigate and challenge the validity of the arrest warrant by which the officers gained entry to Stewart's home.  He claims the warrant was invalid because it was not signed or supported by a sworn affidavit and that there was no emergency to justify a warrantless arrest under La. R.S. 15:574.8(B).

*Exhaustion:*

Howard presented the same ineffective assistance of counsel complaint before each appropriate state court (Vol. III, p. 599-600; Supp. Vol. II, pp. 15-16; Doc. 21, pp. 16, 38).  Moreover, each court found that he failed to satisfy the merits of a *Strickland* ineffective assistance of counsel claim (Supp. Vol. I, pp. 33, 40, 45).  For the same reasons as stated under Subclaim A, Subclaim C is exhausted.

*Merits:*

Like the other subclaims, this one was also adjudicated and denied on the merits by the state courts (Supp. Vol. I, pp. 33, 40, 45).  It is likewise governed by the *Strickland* standards set forth under Subclaim A.  Because this claim was adjudicated on the merits, Howard may not obtain habeas relief unless he shows that the state court adjudication was contrary to or involved an unreasonable application of *Strickland* or other clearly established federal law determined by the United States Supreme Court.  28 U.S.C. §2254(d)(1).  This he fails to do.

The record shows that trial counsel filed a motion to suppress the items seized as the product of an illegal search and seizure on the ground that there was no warrant authorizing

16

Howard's arrest or entry into Stewart's home (Vol. I, pp. 45-49). The motion was heard and denied by Judge Marcotte (Vol. I, pp. 123-164). The denial of the motion to suppress was raised as an issue on appeal (Vol. II, pp. 334-35, 341-44). After setting forth state and federal constitutional law governing the Fourth Amendment protection against unreasonable searches and seizures, the 2nd Circuit concluded that the assignment of error lacked merit because Stewart, the homeowner, consented to the officers entering her home and gave permission for the search (Vol. II, pp. 392-399). *State v. Howard*, *supra,* at p. 17-19, 169 So.3d at 788. After granting Howard's writ application, the Louisiana Supreme Court briefly addressed the denial of the motion to suppress and affirmed the 2nd Circuit's determination that Stewart consented to the search (Vol. III, pp. 519-21). *Howard II*, *supra,* at p. 7-9, 226 So.3d at 425.

After the state courts rejected his challenge to the denial of the motion to suppress on appeal, Howard presented an ineffective assistance of counsel claim premised on the theory that counsel failed to properly investigate and file a motion to suppress based on the invalidity of the arrest warrant, which was apparently unsigned (Supp. Vol. I, pp. 15, 26). Finding this claim to be meritless, the trial court reasoned that even if the warrant was unsigned and not supported by an affidavit, Howard's arrest was still valid. The court explained,

> "One of the exceptions to a requisite search warrant is free and voluntary consent to search. *United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974). Here, Ms. Stewart, the owner of the home where the Defendant was staying, freely and voluntarily consented to the search. [Citation omitted.] Therefore, Defendant's third claim is without merit[.]" (Supp. Vol. I, p. 33).

As stated, both the 2nd Circuit and the Louisiana Supreme Court denied writs and found that Howard failed to show he received ineffective assistance of counsel (Supp. Vol. I, pp. 40, 45).

17

Where a petitioner claims ineffective assistance of counsel based on the failure to litigate a Fourth Amendment claim, such as failing to file a motion to suppress, he must prove that his suppression argument is meritorious and that there is reasonable probability the verdict would have been different absent the excludable evidence. *Kimmelman v. Morrison*, *supra* at 375, 106 S.Ct. 2574; *Shed v. Thompson*, 2007 WL 2711022, *5 (W.D. La. 2007). The burden is even greater on *habeas* review where he is required to show that the state court's determination under *Strickland* was unreasonable. 28 U.S.C. §2254(d); *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). Howard fails to meet his burden. He ignores the state court's repeated finding that Stewart voluntarily consented to the officers' entry into her home to search for Howard. Because Stewart, the homeowner, consented to the entry, Howard cannot show that his Fourth Amendment claim is meritorious. After Stewart consented, Howard's arrest resulted from the discovery of the marijuana, which provided probable cause for his arrest apart from the parole violation. Howard's reliance on state statutory law does not provide a basis for habeas relief because such relief "does not lie for errors of state law." *Estelle v. McGuire*, *supra*. His claim of ineffective assistance of counsel is otherwise unsupported and conclusory. Trial counsel litigated a Fourth Amendment claim by filing a motion to suppress, which was denied. Howard does not show how arguing that the warrant was unsigned would have resulted in a meritorious motion and a different outcome on the facts of this case. Subclaim C is meritless, and habeas relief should be denied.

## CLAIM 2: PRODUCTION OF PERJURY

Citing due process under the Fourteenth Amendment, *Napue v. Illinois*, *supra*, and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), Howard alleges that the State allowed Officer Medlin to testify falsely under oath. Though Howard does not specify the

18

exact testimony he alleges was perjured, it appears that his complaint concerns Officer Medlin's testimony that Howard admitted knowing the gun was in the residence, but denied that it belonged to him (Vol. II, p. 233). Howard denies that he ever made any such statement to Officer Medlin and asserts that a video (MVS) from the patrol unit would support his claim, but was not allowed into evidence.

### *Exhaustion:*

Howard presented this same federal constitutional claim in his post-conviction relief application before the state trial court (Vol. III, pp. 602-03; Supp. Vol. II, pp. 18-19). It also appears that he presented the same claim in his writ applications before the 2nd Circuit and the Louisiana Supreme Court (Record Doc. 21, pp. 21-22, 39-40). Claim 2 is exhausted.

### *Merits:*

Claim 2 was adjudicated on the merits by the state courts. In denying post-conviction relief, the trial court concluded that Howard's statements alone were not enough to prove that Officer Medlin testified falsely or that the State knew he was doing so (Supp. Vol. I, p. 34). The Louisiana Supreme Court denied the claim upon finding that Howard failed to satisfy his post-conviction burden of proof under La. C. Cr. P. art. 930.2 (Supp. Vol. I, p. 45). To obtain habeas relief, Howard must show that the state court adjudication of this claim was contrary to or an objectively unreasonable application of clearly established federal law, namely, the *Napue/Giglio* cases. 28 U.S.C. §2254(d).

The United States Fifth Circuit Court of Appeal has set forth the law governing *Napue/Giglio* false testimony claims as follows:

> "The Supreme Court has repeatedly held that a conviction obtained through false evidence, known to be such by representatives of the State violates a defendant's constitutional rights. A violation occurs where there is a deliberate deception of court and jury by the presentation of testimony known to be perjured. The same

19

result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears. To obtain relief, [petitioner] must show 1) the testimony was actually false, 2) the state knew it was false, and 3) the testimony was material. The testimony is material if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Canales v. Stephens*, 765 F.3d 551, 573 (5th Cir. 2014) (internal quotation marks and citations omitted).

In support of his claim that the State knowingly presented false testimony from Officer Medlin, Howard offers only a transcript excerpt and a "Case Chain of Custody Report" from the Shreveport Police Department that supposedly references three videos. This does not suffice to show that Officer Medlin's testimony was actually false or that the State knew it was false.

The record shows that while testifying on cross-examination by defense counsel during the hearing on the motion to suppress, Officer Medlin stated that Howard admitted he knew the gun was in Stewart's house, but claimed it was not his (Vol. I, p. 155). Contrary to Howard's assertion that his transcript excerpt is from the motion to suppress hearing, it is actually from the free and voluntary hearing just prior to the start of trial during which Officer Medlin again testified that Howard admitted post-*Miranda* that "he was aware of the handgun in the room, but it was not his" (Vol. I, p. 185). On cross-examination, Officer Medlin testified that the statements should have been recorded by the video system in his car (Vol. I, pp. 186-87). After Judge Marcotte ruled that Howard's statements were made freely and voluntarily, defense counsel, Andes, objected to the ruling, but then requested that the entirety of Howard's statement be admitted. Andes stated, "The entirety, I believe, is that he knew that he was aware of the gun, but the gun was not his" (Vol. I, p. 187). After some discussion where the prosecutor indicated that is what Officer Medlin would testify at trial and Judge Marcotte confirmed that was what Medlin had just stated during the hearing, Howard piped up to say that he never admitted knowing the gun was in the house and that any such statement would not be on the tapes. Andes

20

admitted the defense had a copy of the tape and told Howard that they would "make our arguments to the jury" (Vol. I, p. 188).

At the start of trial, the prosecutor (Ms. Silvie) raised an authentication issue with the defense using the video as evidence, namely, that the officer from whose vehicle the video was produced had not been subpoenaed to testify (Vol. II, pp. 196-97).  During the defense's cross-examination, Officer Medlin testified that Howard admitted that he knew the gun was in the house, but did not know whose it was.  He testified that the statement should have been captured on his MVS, but he could not say whether Howard had also been in any other cars besides his (Vol. II, p. 249).  When Andes asked to use the video, a bench conference ensued.[3]  After the conference, Andes then asked whether Officer Medlin was "aware if Howard made any statements to Officer Schultz" (Vol. II, p. 250).  Officer Medlin indicated that he could not answer that because he was not there and could not answer for another officer (Vol. II, p. 250). At the close of Officer Medlin's testimony and outside the jury's presence, Howard complained that he was being denied a fair trial by not being allowed to play the video (Vol. II, pp. 252-53). After discussion with Howard during the lunch break, Andes made an "objection to the Court's decision not to allow us to play that CD" (Vol. II, p. 253).

It is apparent from the record that the trial court made an evidentiary ruling that prohibited the playing of the video by the defense.  The above also makes clear that Howard's claim is unsupported by anything other than his self-serving assertion that he did not say he was aware of the gun in Stewart's house.  Howard does not show that Officer Medlin's trial testimony, which was consistent with his testimony at both the motion to suppress and the free and voluntary hearings, was actually false, nor can he show that the State knew it was false.

---

[3]The bench conference was not included as part of the transcript on appeal.

21

Howard also fails to show that Officer Medlin's testimony concerning Howard's knowledge of the gun was material. He does not show a reasonable likelihood that the testimony could have affected the judgment of the jury. While the courts may have made brief references to the presence of the gun in the closet, there was ample other evidence indicating distribution. The otherwise unexplained presence in the bedroom with Howard of numerous bags used for packing drugs for distribution along with the individually packaged baggies of marijuana tied to his underpants and the additional marijuana in the closet all point readily to possession for intent to distribute, rather than to mere personal use. Even without Officer Medlin's testimony about Howard's admission, the fact that a gun was found in the open closet next to the marijuana, which Howard admitted was his, would have been in evidence. There is also the fact that the jury did not convict Howard of the weapons charge. This suggests that it was persuaded by Stewart's testimony that the gun was hers, not Howard's. Therefore, there is no reasonable likelihood that the guilty verdict for possession with intent to distribute was affected by Officer Medlin's testimony concerning Howard's awareness of the gun, even if such testimony was false.

Howard did not prevail on this *Napue/Giglio* claim in state court, and he cannot make the necessary showing under 28 U.S.C. §2254(d) to obtain habeas relief. Considering the lack of evidence supporting Howard's claim, the state court adjudication cannot be considered objectively unreasonable. See *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002), *cert. denied by Neal v. Epps*, 537 U.S. 1104, 123 S.Ct. 963, 154 L.Ed.2d 772 (2003) ("[T]he only question for a federal habeas court is whether the state court's determination is objectively unreasonable.") Claim 2 is meritless, and should be denied.

## CONCLUSION

For all the reasons set forth above, the State prays that the claims alleging ineffective assistance of counsel and production of perjury be found meritless and that habeas relief be denied.

Respectfully submitted,

*s/Rebecca A. Edwards*
Rebecca A. Edwards, La. Bar Roll #23626
Assistant District Attorney
501 Texas Street, 5th Floor
Shreveport, Louisiana  71101
(318) 429-7618
redwards@caddoda.com

## C E R T I F I C A T E

I HEREBY CERTIFY that a copy of the foregoing Memorandum Response has been mailed to Gary D. Howard,  #372087, Winn Correctional Center, P. O. Box 1260, Winnfield, LA 71483 this 6th day of August, 2020.

*s/Rebecca A. Edwards*
Rebecca A. Edwards

23